1   **WO**                                                                                    RP

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Lee Alan Coate,                         )   No. CV-05-2560-PHX-NVW (JCG)
                                            )
10              Petitioner,                  )   **ORDER**
                                            )
11   vs.                                     )
                                            )
12                                          )
    Ivan Bartos, et al.,                     )
13                                          )
                Respondents.                )
14                                          )
    _____)

15

16          On August 24, 2005, Lee Alan Coate (Petitioner), presently confined in the Bachman

17   Red Unit of the Arizona State Prison Complex - Lewis, in Buckeye, Arizona (ASPC-Lewis),

18   filed with the Clerk of the Court a pro se "Petition For Writ Of Habeas Corpus By A Person

19   In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #1)

20   (Petition).  Petitioner did not pay the five dollar ($5.00) filing fee, or file an "Application To

21   Proceed In Forma Pauperis By A Prisoner (Habeas)" (Application To Proceed) with the

22   Petition.

23          Because Petitioner had not paid the five dollar ($5.00) filing fee, or filed an

24   Application To Proceed, the Court, by Order filed September 2, 2005 (Document #3), gave

25   Petitioner thirty (30) days from the filing date of the Order to submit a properly executed and

26   certified Application To Proceed, or to pay the five dollar ($5.00) filing fee.

27

28                                        - 1 -

**PAYMENT OF FILING FEE**

On September 19, 2005, Petitioner paid the five dollar ($5.00) filing fee. Accordingly, the Court will proceed to review the Petition.

**PETITION**

Ivan Bartos, Warden, is named as Respondent in the Petition. (Petition at 1).  The Attorney General of the State of Arizona is named as an Additional Respondent.  Id.

In the Petition, Petitioner challenges his November 20, 1998 judgment of conviction for Possession of Dangerous Drugs for Sale, and Misconduct with a Weapon, entered in the Maricopa County Superior Court in matters CR 1998-005274 and CR 1998-009303. (Petition at 1).

The sole ground that Petitioner presents in his Petition is that there was a significant change in the law that would have resulted in a reduction in Petitioner's sentence.  (Petition at 1).  In support of Ground I, Plaintiff argues that:

> Blakely V. Washington In Conjunction With Other Case Law Would In Effect Require The State To Show Some Basis For Aggravating Petitioner's Sentences Prior To The Sentencing Judge Aggravating Petitioner's Sentences. The Court Aggravated The Sentences Without First Obtaining Any Basis For Said Aggravated Sentences.
> Said New Law Should Be Made Retroactive And Thereby Result In A Lesser Sentence.

(Petition at 5).

**DISCUSSION**

In Apprendi v. New Jersey, 530 U.S. 466, 488-90 (2000), the Supreme Court held that a jury finding beyond a reasonable doubt is required for any "fact" that increases the penalty other than the fact of a prior conviction.  Apprendi, 530 U.S. at 488-90.  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court applied Apprendi and held that the State of Washington's sentencing guidelines impermissibly allowed enhancement of a defendant's sentence based on a judicial finding of deliberate cruelty.

Recently, in Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005), the Ninth Circuit Court of Appeals held that the new rule announced by the Supreme Court in Blakely "does not

1    apply retroactively to a conviction that was final before the decision was announced," and

2    that "[t]herefore, a state court's sentencing decision cannot be challenged in a petition for

3    habeas corpus." <u>Schardt</u>, 414 F.3d at 1038.

4          The <u>Blakely</u> decision issued on June 24, 2004.  By his own admission, Petitioner in

5    this case did not appeal his state convictions or sentences at issue, and his first post-

6    conviction relief proceeding was dismissed by the Maricopa County Superior Court on

7    February 9, 2000. (Petition at 2).  Petitioner did not seek review of his first post-conviction

8    relief proceeding.  <u>Id.</u>  Therefore, Petitioner's conviction became final more than four (4)

9    years before the <u>Blakely</u> decision issued, and the <u>Blakely</u> decision cannot be applied

10    retroactively to Petitioner's sentences in this habeas corpus action.

11                  **SUMMARY DISMISSAL OF PETITION AND ACTION**

12          Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, promptly after the

13    filing of a petition for habeas corpus, the judge must examine the petition and "[i]f it plainly

14    appears from the petition and any attached exhibits that the petitioner is not entitled to relief

15    in the district court, the judge must dismiss the petition and direct the clerk to notify the

16    petitioner." Rule 4, Rules Governing § 2254; <u>see also</u> <u>Obremski v. Maass</u>, 915 F.2d 418 (9th

17    Cir. 1990) (affirming district court's summary dismissal as a matter of law, but relying upon

18    Rule 4 instead of Rule 12(b)(6)), <u>cert. denied</u>, 498 U.S. 1096 (1991).

19          Because <u>Blakely</u> cannot be applied retroactively to Plaintiff's sentences, Ground I is

20    without merit, and he is not entitled to relief in this Court.  Accordingly, the Petition and this

21    action will be summarily dismissed.

22    //

23    //

24    //

25    //

26    //

27    //

28    //

1      **IT IS THEREFORE ORDERED:**

2          (1) That the "Petition For Writ Of Habeas Corpus By A Person In State Custody

3   Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #1) and this action are

4   DISMISSED, and that JUDGMENT BE ENTERED accordingly;

5          (2)  That the Clerk of the Court is DIRECTED to notify Petitioner of the dismissal of

6   the Petition and this action.

7          DATED this 28th day of October, 2005.

8

9

10   _____

11                    Neil V. Wake
                 United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28